J. S. BROWN V. SOUTHWESTERN TELEGRAPH AND TELEPHONE COMPANY.

Delivered December 9, 1897.

### 1.  Res Adjudicata—Nuisance Vel Non.

A judgment in a nominal sum awarded to a property owner against a telephone company which under a license from the municipality planted large poles and strung wires in front of his premises, which judgment was paid and acquiesced in, is a bar to a subsequent action for the same cause, since the action arose from an injury but not from a nuisance.

### 2.  Same—Inadequate Compensation—Measure of Damages.

A land owner who has recovered damages against a telephone company in a nominal sum for injury to his property by the location of poles and the stringing of electric wires thereon in front of the premises, can not maintain a subsequent action for the same injury, on the ground that he has not been adequately compensated, where he accepted the sum awarded him, since damages for a grievance permanent in its nature are assessed with reference to the past and probable future injury.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*L. E. Trezevant*, for appellant.—Where the injury inflicted by a nuisance is not of such a character that it can be ascertained both as to the past and the future by a single action, or where the nuisance continues by the continuous fault of the defendant, or where the nuisance complained of is of a temporary character, such as may be voluntarily removed or avoided by the wrongdoer, or such as the injured party may cause to be abated, successive actions lie for new damages so long as the nuisance is continued, since a nuisance continued is a fresh nuisance every day it is suffered to remain unabated. Baugh v. Railway, 80 Texas, 56; Clark v. Dyer, 81 Texas, 339; 3 Blackstone, 220; 16 Am. and Eng. Encyc. of Law, 988; Wood on Nuisance, sec. 868; 1 Suth. on Dam., 198; 3 Id., 369, 398; 1 Sedg. on Dam., secs. 88, 91; 3 Id., sec. 924; Cool. on Torts, sec. 619; Webb's Pollock on Torts, 518, 520; Bradley v. Amis, 2 Hayw., 399; Caruthers v. Tillman, 1 Hayw., 501; Canal Co. v. Hitchings, 65 Maine, 140; Harman v. Railway, 87 Tenn., 614; Uline v. Railway, 101 N. Y., 98; Deckron v. Railway, 71 Mo., 575; Railway v. McLendon, 63 Ala., 266; Jaggard on Torts, 410.

*Harris & Harris*, for appellee.—1. If telephone poles be erected in the streets of a city by municipal sanction, they are not nuisances. Irwin v. Tel. Co., 37 La. Ann., 63; Bldg. Assn. v. Tel. Co., 88 Mo., 258; Keasby on Electric Wires, 46; Bish. on Non-Con. Law, sec. 425; 2 Dill. on Mun. Corp., 3 ed., sec. 698.

2. Where an injury is permanent and continuing, the damages resulting from it should all be estimated in one suit. Railway v. Anderson, 79 Texas, 427; Water-works v. Kennedy, 70 Texas, 233; Railway v. Gieselman, 34 S. W. Rep., 658.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant on the 22d day of January, 1896, instituted suit against appellee. The averments of the

petition were substantially as follows: That plaintiff was in the quiet and peaceable ownership and possession of three certain parcels of land in the city of Galveston, and the same, with the improvements thereon, constituted the homestead of plaintiff and his family, and that plaintiff was of right entitled to the easement of access to and from said premises, and to the comfortable and peaceful enjoyment of his home; that without authority of law, and without legal right to do so, and against the protest of plaintiff, the defendant on the — day of December, 1895, planted upon the sidewalk, fronting plaintiff's residence, two mammoth poles of great height and of unsightly appearance, and ninety-one feet apart, and from the upper part of each pole to the other strung numerous electric wires for the purpose of a telephone; and that by said unauthorized and wrongful acts plaintiff and the family were deprived of the full and complete right of access to and from his premises, and were greatly disturbed in the peaceful and comfortable enjoyment of their home, and by reason whereof plaintiff was injured and damaged in the sum of $600, and for which sum, with his costs, plaintiff prayed judgment.

This suit the defendant answered, and justified its acts in placing the poles and in stringing therefrom the wires, as complained of by plaintiff, by authority granted it, as it alleged, by the Legislature of the State and the city of Galveston to construct and operate in the street upon which plaintiff's residence is situated, for the use of the public, a telephone line.

Upon trial of the cause, upon the issues joined, a verdict and judgment were rendered for the plaintiff for the sum of $1 and costs of suit, and which judgment was satisfied by the defendant paying the sum adjudged against it, and the receipt of the same by plaintiff was entered on the record.

On November 17, 1896, plaintiff, the appellant here, instituted this suit against appellee. The petition avers that plaintiff, for the purpose of establishing by judgment of law his right to an unobstructed easement to and from his home, and to the peaceful and comfortable enjoyment of the same, instituted suit on the 22d day of January, 1896, in the District Court of Galveston County, against the appellee, for the recovery of damages sustained by plaintiff by the unlawful and wrongful act of defendant in erecting two mammoth poles in front of plaintiff's home, and stringing therefrom numerous electric wires, and that in said suit plaintiff recovered a judgment against the defendant for the sum of $1 and costs of suit, and which judgment was fully satisfied by the payment to plaintiff of the said sum; but that the defendant has failed and refused to remove said poles and wires, and that by reason thereof plaintiff has been damaged and is entitled to recover both actual and exemplary damages, and prayer is made for $15 actual and $5000 exemplary damages.

To this suit the appellee pleaded res adjudicata, and the plaintiff excepted to the plea, and the exception was overruled. The matters set up in the plea of res adjudicata were admitted to be true, and a jury being waived, the cause was tried by the judge presiding, and judgment ren-

dered that plaintiff take nothing by his suit, and that defendant recover its costs; and the plaintiff appealed to this court.

The appellant has made but one assignment of error, and that is that the court erred in overruling plaintiff's general demurrer to defendant's plea of the judgment in the former suit between appellant and appellee in bar of this suit; and under this assignment several propositions are submitted, but we think it is not necessary to discuss them seriatim. The first proposition is, that in an action for a nuisance, a former judgment against the defendant for the same nuisance is conclusive as to the existence of the nuisance, and that it was caused by the defendant;and where defendant has continued the nuisance since the former action, the only question for the jury to determine is the amount of damages to be awarded.

This proposition may be conceded to be in the abstract correct; but, with due deference to counsel, we fail to see its pertinence to the question under consideration. The record in the former suit between the appellant and appellee does not show that appellee was adjudged guilty of having created a nuisance by doing the acts complained of by plaintiff. That record, with the admission in this suit that the matters pleaded in res adjudicata are true, disclose that the erection of the telephone by the defendant in the street in which plaintiff's residence fronts was by authority of the law of the land; and the suit can not, in our judgment, be properly regarded as a suit to recover damages resulting from a nuisance, but rather one to recover for an injury sustained by the plaintiff for acts done by the defendant in the exercise of rights secured to it by its charter, authorizing the construction of a telephone. The defendant had, by virtue of its charter from the State, and by license granted it by the city of Galveston, the right to construct its telephone in the street, subject, however, to the provision of the Constitution which secures indemnity to those whose property is either taken or damaged for a public use. Railway v. Hall, 78 Texas, 169.

The plaintiff's cause of action then, we think, was not for a nuisance, but for an injury resulting to plaintiff from the construction by defendant of its telephone in front of plaintiff's residence. The telephone was not abatable, as nuisances generally are, and for which reason, as shown by the authorities referred to in the learned brief of appellant's counsel, one who is injured by a nuisance may have several causes of action against the wrongdoer. And the first suit being for damages resulting from the nuisance itself, the judgment in that suit is not a bar to any subsequent suit. The subsequent suits being for the continuance of the nuisance, the suits are upon separate causes of action.

In the first of such suits, the general rule as to the measure of damages seems to be that stated by counsel, that such damages only as have occurred up to the time of the institution of the suit can be recovered, and damages accruing from the continuance of the nuisance must be recovered in subsequent suits. But this rule is not universal, and the con-

verse of it seems to have been adopted in this State and others. Rosenthal v. Railway, 79 Texas, 328, and authorities there cited.

From these authorities we conclude that, where the grievance complained of is permanent in its character, or is so treated by the parties, the entire damages should be assessed with reference to the past and probable future injury. In this case, the poles and the electric wires complained of as causing injury to plaintiff are permanent and continuing. The defendant can not be compelled to remove them from their present position, unless by the State or the city of Galveston, by whose authority they are there. If the access of plaintiff and his family to and from their home was obstructed by the poles and wires complained of, and if they were deprived of the comfortable and peaceful enjoyment of the home in any measure by said poles and wires, and if thereby the property was rendered less valuable for the purposes of a home, as averred and charged by plaintiff in the former suit between the parties, such facts should have been considered by the jury in estimating the compensation to which plaintiff was entitled; and if the jury failed to do this, and rendered a verdict entirely inadequate, and plaintiff acquiesced therein, he can not, because he has not been adequately compensated for his injury, be permitted to bring another action for the same injury.

Our conclusion therefore is, that there was no error in overruling plaintiff's demurrer, and in sustaining the plea of res adjudicata, and the judgment of the lower court must be affirmed.

*Affirmed.*

Writ of error refused.